GREEN, APPELLEE-APPELLANT, *v.* WESTERN RESERVE PSYCHIATRIC HABILITATION CENTER, APPELLANT-APPELLEE.

(No. 10204—Decided September 30, 1981.)

*Ms. Sandra Mendel,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Michael Moses,* for appellee.

VICTOR, P.J. This is an appeal from the common pleas court decision which seeks the reversal and vacation of an order of the State Personnel Board of Review and a remand of the cause to the board for further proceedings.

Western Reserve Psychiatric Habilitation Center (WRPHC) removed Helen P. Green from her civil service

position as a nursing associate. The removal order alleged that Green had cursed and struck a patient and that Green failed to report the incident and to arrange for medical attention to the patient, thus, constituting patient abuse. The removal order also noted three prior disciplinary actions against Green. Green appealed the removal to the State Personnel Board of Review (PBR).

Prior to a hearing before an administrative law judge (ALJ), the PBR issued a subpoena duces tecum to the WRPHC ordering it to produce various records and documents for Green's inspection. Item 4 of the subpoena requested the medical, dental and psychiatric records of the patient allegedly abused by Green.

WRPHC refused to comply with Item 4, contending that such records are confidential pursuant to R.C. 5122.31. Green argued that denial of the records would prevent her from effectively attacking the patient's competency and credibility as a witness.

The ALJ admitted that he had no authority under R.C. 5122.31 to require the hospital to supply a patient's records. However, in fairness to Green, he refused to allow the patient to testify at the hearing. Since the patient's testimony was the only evidence available to show that Green had cursed and struck the patient, WRPHC proffered the testimony in writing.

Refusing to consider the proffered testimony, the ALJ found no evidence of patient abuse. He recommended that the removal action be disaffirmed and modified to a ten-day suspension on the basis of Green's admission that she failed to report the incident. The PBR issued an order to that effect.

WRPHC appealed to the common pleas court pursuant to R.C. 124.34, contending that the patient's testimony was improperly excluded. Green cross-appealed, arguing that the ten-day suspension should be reduced to no discipline because another employee who committed the same infraction received no discipline.

The court below reversed and vacated the PBR's order and remanded the cause to the board for further proceedings. Green appeals that judgment and asserts the following assignments of error, all of which are interrelated and will be discussed collectively:

"1. The lower court committed reversible error in disaffirming the PBR order of July 8, 1980, since the PBR order was based on reliable, probative and substantial evidence.

"2. The lower court committed reversible error in disaffirming the PBR order of July 8, 1980, since the PBR order was in accordance with law.

"3. The lower court committed reversible error in its decision of July 8, 1980, since its effect is to deny appellant Green a fair hearing consistent with principles of due process and fundamental fairness."

Green points out that another employee also failed to report the incident, yet that employee received no disciplinary action. She argues that, in fairness, she should receive the same treatment and that the PBR's modification to a ten-day suspension is contrary to law.

However, the lower court found that:

"* * * There is evidence that the Appellee [Green] had been disciplined several times prior to this infraction, yet there is no evidence as to how many prior infractions the other employee may have committed. The presence or absence of prior offenses would have some effect on the harshness of the discipline. * * * Furthermore, there is no evidence in the record as to whether the other employee was or was not disciplined for the incident. * * *" (Brackets ours.)

An employee's discipline must stand or fall on its own merits. *Dinsio* v. *Apple Creek State Institute* (Apr. 23, 1980), Stark App. No. 5246, unreported; *Kurtz* v. *Carson* (Mar. 22, 1978), Hamilton App.

No. C-77030, unreported. Thus, the order was not contrary to law with respect to the ten-day suspension.

Green contends that the ALJ has broad powers including the inherent power to sanction contempt of its subpoena by excluding the patient's testimony. She further contends that, without the patient's testimony, WRPHC failed to prove its case against her. Thus, she argues the PBR's order was in accord with the evidence, and the court below should not have reversed.

It is important to note that the PBR is an administrative agency and a part of the executive branch. While it may perform adjudicative functions, the PBR is clearly not a court and is not a part of the judicial branch. Thus, the PBR does not have inherent judicial powers. 2 Ohio Jurisprudence 3d 141, 145, 182, 183, Administrative Law, Sections 11, 16, 32, 33.

Rather, the PBR's authority is limited to the jurisdiction and powers conferred upon it by its enabling statute. *State, ex rel. Clarke,* v. *Cook* (1921), 103 Ohio St. 465, 467; *State, ex rel. Locher,* v. *Menning* (1916), 95 Ohio St. 97. Administrative powers are only implied when clearly necessary to effect an express power. Such implied power can be no greater than the express power and must be exercised subject to the same express power limitations. 2 Ohio Jurisprudence 3d 144-147, Administrative Law, Sections 15, 16.

R.C. 124.03(G) gives the PBR power:

"To subpoena and require the attendance and testimony of witnesses and the production of books, papers, public records, and other documentary evidence pertinent to any matter which it has authority to investigate, inquire into or hear in the same manner and to the same extent as provided by division (E) of section 124.09 of the Revised Code * * *."

R.C. 124.09(E) provides in pertinent part:

"* * * In case any person, in disobedience to any subpoena issued by the director or the board, or any member thereof, or the chief examiner, fails or refuses to attend and testify to any matter regarding which he may be lawfully interrogated, or produce any documentary evidence pertinent to any investigation, inquiry, or hearing, the court of common pleas of any county, or any judge thereof, where such disobedience, failure, or refusal occurs, upon application of the director or the board, or any member thereof, or a municipal or civil service township civil service commission, or any commissioner thereof, or their chief examiner, shall compel obedience by attachment proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from such courts or a refusal to testify therein."

The statute does not include suppression of testimony as a sanction for refusing to comply with the board's subpoena. Nor is it necessary for this court to imply such a power, since the board has a statutory means of effectuating its express subpoena power, namely by bringing attachment proceedings in contempt. Thus, the PBR had express authority to issue the subpoena, but it clearly exceeded its authority by refusing to permit the patient to testify.

We agree with the lower court's reasoning that:

"* * * If the hearing officer felt the records should be produced, the Board of Review had the option to enforce the subpoena by way of attachment proceedings in contempt pursuant to R.C. Sections 124.03[G] and 124.09(E). Then the appointing authority would have had to comply with the subpoena if as a result of the attachment proceedings the court held that the records were not properly confidential. If the court determined that the records were properly confidential, the Appellee would have had to cross-examine and attempt to impeach the witness by alternate means. In any event, proceeding by this method would have been preferable to wholly excluding the

testimony of Appellant's chief witness. As it stands, the decision of the Board based upon an improper sanction for failure to comply with a subpoena is not in accordance with law. * * *'' (Brackets ours.)

The common pleas court reviewed this case pursuant to R.C. 124.34 which provides in part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

R.C. 119.12 provides the standards for review:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *''

We believe the lower court was within its authority and correctly held that the PBR hearing was not in accordance with the law. We affirm its decision to reverse and vacate the order and to remand to the board for further proceedings in accordance with the law and this decision.

*Judgment affirmed.*

QUILLIN and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.