HIETT, APPELLANT, *v.* HEYWOOD [TWP. TRUSTEE] ET AL., APPELLEES.

(No. CA85-10-081—Decided April 28, 1986.)

*W. Kenneth Zuk,* for appellant.
*George E. Pattison,* prosecuting attorney, and *Thomas L. Blust,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

This appeal arises from the complaint of plaintiff-appellant, Robert L. Hiett, for a writ of mandamus to compel defendants-appellees, the Goshen Township Board of Trustees, to pay appellant a sum representing back pay and benefits. Appellant alleged that he was entitled to the amounts for a period of time when he was wrongfully discharged by the trustees from his position as Goshen Township Chief of Police.

Appellant last worked for the township in his capacity as police chief on January 8, 1982. Appellant then took a week of vacation and was last paid by the township on January 18, 1982. During the month of January, appellant underwent medical treatment and diagnosis which ultimately resulted in a laminectomy being performed upon appellant on February 4, 1982. In early February, appellant was notified of the pendency of disciplinary charges against him. Additional charges were filed against appellant on March 1, 1982, at which time he was suspended without pay pending a hearing.

Following a hearing on the charges, appellant was removed from his position as police chief. The matter was appealed to the common pleas court which modified the township's decision and ordered that appellant be suspended for six months without pay after which he was to be reinstated as chief. We subsequently affirmed the common pleas court's decision. *Hiett* v. *Goshen Twp. Bd. of Trustees* (July 30, 1984), Clermont App. No. CA83-04-033, unreported. Appellant was thereafter removed a second time by the township and finally discharged on March 24, 1983. Appellant then initiated the current action to recover wages and benefits which he claims to be entitled to for the period of his wrongful suspension.

The matter was submitted to the trial court on the basis of appellant's deposition, answers to appellant's interrogatories, and memoranda of law. The trial court, in a preliminary decision, held that the six-month suspension period lawfully imposed upon appellant ran from March 1, 1982 through September 1, 1982. In a subsequent decision the trial court determined the amount of compensation due appellant for the period he was wrongfully discharged. However, the court also found that the township was entitled to certain setoffs, the total of which exceeded the compensation owed to appellant. The trial court accordingly concluded that there was no amount due appellant, inasmuch as the setoffs exceeded the compensation.

Appellant has filed a timely notice of appeal and presents one assignment of error for this court's review which reads as follows:

"The trial court erred in finding that there was no sum due plaintiff-appellant for the period of time he was wrongfully excluded from his position as Chief of Police."

Appellant submits two issues under this assignment which we will discuss in the order in which they are raised.

In his first issue, appellant argues that the trial court failed to consider all the time he was excluded from his position in computing the amount of wages due for the improper discharge. Appellant's last day of active duty as police chief was January 8, 1982. Appellant was paid through January 18, the time from January 8 being compensated by vacation pay. The trial court, in computing the earnings due appellant, determined that appellant was entitled to his earnings from September 1, 1982 (the end of the proper six-month suspension) through March 24, 1983 when appellant was finally discharged. Appellant claims that he should have been awarded an additional $2,623.68 in wages and pension benefits for the time from January 18 (the last date he was paid), until March 1, 1982 when the six-month suspension period began.

The record reflects that appellant underwent medical treatment both before and after his last day of active service during which time his doctor ultimately determined that appellant was totally disabled. The treatment culminated in surgery in early February, and appellant's disability continued after the surgery. In his deposition, appellant stated that he had received workers' compensation benefits from January 13, 1982 through May 5, 1982, consisting of weekly payments of $275. Appellant received these payments in lieu of wages.

Although appellant was not properly suspended until March 1, 1982, and although appellant did not receive compensation from Goshen Township after January 18, 1982, appellant was not wrongfully discharged during that period inasmuch as appellant was medically disabled, unable to work, and was drawing $275 per week from the Bureau of Workers' Compensation. Appellant continued to receive these benefits until discharged by his doctor on May 5, 1982 at which time he was authorized to perform "light work." Appellant's workers' compensation benefits were then discontinued and he began drawing unemployment compensation until the Bureau of Workers' Compensation hired him as a claims investigator in August 1982.

We see no error on the part of the trial court in failing to consider the six weeks from January 18 to March 1 as part of the period during which appellant was wrongfully discharged since appellant was physically unable to work during that time and was appropriately compensated for his disability during that period.

Appellant's second issue essentially claims that the trial court improperly considered benefits appellant received in computing the amount to be set off against the lost wages arising from the wrongful discharge. The trial court subtracted the amount of workers' compensation and unemployment compensation benefits appellant received during his disciplinary suspension from the compensation due appellant. Appellant argues that such benefits were received outside the period of his wrongful suspension and are not the proper subject of a setoff.

A public employee is entitled to recover compensation due him for the period of time during which he was wrongfully excluded or discharged from his employment, provided the amount recoverable is established with certainty. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 61 O.O. 2d 425, 291 N.E. 2d 462. The amount of compensation recoverable is "that which the employee would have received had he not been wrongfully dismissed, reduced by the amount he earned, or in the exercise of due diligence could have earned in appropriate employment, during the discharge period." *State, ex rel. Hamlin,* v. *Collins* (1984), 9 Ohio St. 3d 117, 118, 9 OBR 342, 343, 459 N.E. 2d 520, 522. In other words, a public employee seeking to recover compensation in such a situation is required to mitigate any damages he is entitled to receive as a result of that wrongful discharge. *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261, 12 O.O. 3d 268, 389 N.E. 2d 1123.

If appellant has earned income from a private source during the six-month suspension from March to September, it would not be proper to offset that private income generated during the suspension period. However, during his suspension, appellant received both workers' compensation benefits and unemployment compensation benefits, two accounts which appellant's employer contributed to as a participating employer. See R.C. 4123.38 and 4141.24. Unless these amounts are deducted from appellant's award, the effect of the lawful six-month suspension

would be nullified. "An employee's discipline must stand or fall on its own merits." (Citations omitted.) *Green v. Western Reserve Psych. Hab. Center* (1981), 3 Ohio App. 3d 218, 219, 3 OBR 248, 249, 444 N.E. 2d 442, 444. The punitive effect of the disciplinary suspension was primarily pecuniary in nature, and to allow appellant to receive compensation from the state during such time would effectively defeat the purpose of the suspension. "It is a well-settled rule in these cases that the state cannot be required to pay twice." (Citations omitted.) *State, ex rel. Hamlin,* v. *Collins, supra,* at 121, 9 OBR at 345, 459 N.E. 2d at 524. The case at bar presents just such a situation and the trial court was correct in refusing to allow a double payment on the part of the state to a lawfully suspended public employee.

The assignment of error is therefore overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES and HENDRICKSON, JJ., concur.

KOEHLER, P.J., dissents.