DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, denying appellant's request for the reimbursement of expenses associated with the support of the parties' minor child.
Appellant, Stacey S., is the natural mother of Kasi C., born March 25, 1998. On June 9, 1998, through administrative proceedings before the Erie County Child Support Enforcement Agency ("CSEA"), a legal father and child relationship was established between Kasi and appellee, Leonardo A. A second administrative order, issued by the CSEA on November 23, 1998, required appellee to pay child support in the amount of $733.67 per month, commencing on December 25, 1998. The order also directed appellant and appellee to obtain and maintain medical insurance for Kasi and to share in any uninsured medical costs based on a pro rata percentage of their relative incomes. Neither appellant nor appellee objected to the administrative order by bringing, as provided in R.C. 3111.22(E)(2), effective January 1, 1998, an action for the payment of support and the provision of health care in the Erie County Court of Common Pleas, Juvenile Division, no later than thirty days after the issuance of the support order.
On November 19, 1999, appellant filed a complaint in the trial court requesting birthing expenses, child support for the period from March 25, 1998 through December 25, 1998 and any and all of Kasi's medical expenses incurred before December 25, 1998. Appellee filed an answer; that answer did not set forth any affirmative defenses. However, in a "TRIAL MEMORANDUM IN SUPPORT OF DEFENDANT'S ANSWER," appellee argued that appellant's complaint was actually an untimely objection to the administrative order and/or was barred by the doctrine of res judicata. Appellee agreed, nevertheless, to pay appellant an additional $843.48 for Kasi's medical expenses incurred prior to December 25, 1998.
In her trial brief, appellant contended that the court had the authority to determine the issues raised in her complaint, that the CSEA lacked the authority to order support before the date of the administrative order or to order reimbursement for "necessaries," and that, assuming that the CSEA could consider and decide such matters, the application of the doctrine of res judicata would deprive her of her right to due process.
A hearing was held before a magistrate. In her decision, the magistrate determined that neither of the parties ever filed objections to the administrative support order and, therefore, pursuant to R.C.3111.22(E)(2), the support order was "final and enforceable by a court and may be modified and enforced" only as provided in section 3111.20 to3111.28 and 3113.21 to 3113.219 of the Revised Code." The magistrate also determined that the birthing expenses and child support retroactive to the date of Kasi's birth arose from the same nucleus of facts that were the subject matter of the administrative proceedings and were, therefore, barred by the doctrine of res judicata. Appellant filed timely objections to the magistrate's decision; she argued, inter alia, that appellee waived his right to rely on the doctrine of res judicata because he failed to raise this affirmative defense in his answer.
The trial court overruled appellant's objections and adopted the findings of the magistrate. After the entry of a judgment denying appellant's request, appellant filed the instant appeal. She maintains that the following errors occurred in the proceedings below:
 "The Trial Court erred in determining that the Child Support Enforcement Agency has the authority and jurisdiction to determine issues relevant to the reimbursement of necessary expenses, or to determine support issues prior to the date of the Administrative order for support."
 "The Trial Court erred when it did not find that the parties were deprived of their right to notice and Due Process, as it concerns the issues of past expenses for food, child care, medical care and other necessaries at the time of the Administrative hearing for support."
 "The Trial Court erred as a matter of law in holding that the cause of action for Reimbursement of Necessaries brought by Appellant Stacy S. was barred by the doctrine of res judicata [sic], as res judicata [sic] is an affirmative defense, and the Appellee Leonardo A. waived that defense by failing to affirmatively plead it as required by Rule 8(C) or Rule 15 of the Ohio Rules of Civil Procedure."
In her first assignment of error, appellant contends that the CSEA lacks the authority to determine retroactive child support, birthing expenses and Kasi's past medical expenses. Consequently, appellant claims that these issues must be determined by the juvenile court. This issue appears to be one of first impression in this District.
We start with the proposition that a county child support enforcement agency is an entity created by the legislature. See R.C. 2301.35(A), as effective January 1, 1998. As such, the CSEA's authority in the establishment of a legal parent-child relationship and the determination of a child support obligation is limited to the jurisdiction and powers conferred by statute. State ex rel. Clarke v. Cook (1921),103 Ohio St. 465, 467; Green v. Western Reserve Psych. Hab. Center
(1981), 3 Ohio App.3d 218, 220. The CSEA may also have some implied powers, but only to an extent that is reasonably necessary to make the express power effective. Browning-Ferris Indus. of Ohio, Inc. v. MahoningCty. Bd. of Health (1990), 69 Ohio App.3d 96, 100, quoting State ex rel.Bentley Sons Co. v. Pierce (1917), 96 Ohio St. 44, 47. In other words, the implied power is only incidental or ancillary to the express power and, if there is no express grant, there can be no implied grant. BurgerBrewing v. Thomas (1975), 42 Ohio St.2d 377, 384, quoting State, ex rel.A. Bentley Sons Co., v. Pierce, 96 Ohio St. at 47.
As applicable to the present case, R.C. 3111.22(E) granted the CSEA the authority:
 "* * * to determine, in accordance with sections 3111.23 to 3113.29 and 3113.215 * * * of the Revised Code, the amount of child support any parent is required to pay, the method of payment of child support, and the method of providing health care. * * * When an administrative officer issues an administrative order for the payment of support and provision for the child's health care, all of the following apply:
 "(a) The administrative order shall require periodic payments of support that may vary in amount, except that, if it is in the best interest of the child, the administrative officer may order a lump sum payment or the purchase of an annuity in lieu of periodic payments of support."
 "(b) The administrative support order shall require the parents to provide for the health care needs of the child in accordance with section 3111.241 * * * of the Revised Code.
 "(c) The administrative support order shall include a notice informing the mother, father, and the legal guardian or custodian of the child of the right to object to the order and containing the information described in division (E)(2) of this section."
A perusal of the statutory sections named in R.C. 3111.22(E) fails to reveal any express grant of authority to the CSEA administrative officer to consider birthing expenses, retroactive child support and past medical expenses incurred on behalf of the minor child between the time of birth and the date set in the administrative order for the commencement of the child support obligation. The same is true of the regulations promulgated in furtherance of the statute. See Ohio Administrative Code 5101:1-32-03, as effective January 1, 1998. Indeed, pursuant to Ohio Administrative Code 5101:1-32-03(D), the CSEA administrative officer "shall not deviate from the use of the basic child support schedule in establishing support orders. If deviations are desired the requesting party must petition the appropriate court." The stringency of the rules indicates the limited role that the CSEA must take in administrative parentage and support proceedings.
Furthermore, the authority to determine the matters raised by appellant cannot be implied from the statutory grant of authority to establish acurrent child support order, see R.C. 3113.215, and provide for thecurrent and future health care needs of a child, see 3113.217[1]. Instead, the ability to award birthing expenses, retroactive child support and past health care expenses in a parentage action is, by statute, accorded to a juvenile court. R.C. 3111.13(C), as effective January 1, 1998. See, also, Beach v. Poole (1996), 111 Ohio App.3d 710,712; Seegert v. Zietlow (1994), 95 Ohio App.3d 451, 459; Michael F. v.Sharon R. (Mar. 9, 2001), Ottawa App. No. OT-00-34, unreported. Consequently, based on this review, we must conclude that appellant is correct in asserting that the CSEA administrative officer lacked the authority to decide the issues of retroactive child support, birthing expenses and Kasi's past medical expenses. Appellant's first assignment of error is found well-taken.
In her third assignment of error, Stacey contends that the trial court erred in finding that her claims were barred by the doctrine of resjudicata because appellee failed to affirmatively plead this defense in his answer or to amend that pleading pursuant to Civ.R. 15(C). Assuming,arguendo, that under the Juvenile Rules of Procedure, appellee could raise the affirmative defense in other than a responsive pleading, our disposition of appellant's first assignment of error renders the doctrine of res judicata inapplicable to the issues before the juvenile court.
The doctrine of res judicata applies to administrative proceedings that are judicial in nature and where the parties have had sufficient opportunity to litigate the issues involved in the proceeding. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Res judicata encompasses both estoppel by judgment and collateral estoppel. State ex rel ScrippsHoward Broadcasting Co. v. Cuyahoga County Court of Common Pleas, Juv.Division (1995), 73 Ohio St.3d 19, 24. Estoppel by judgment prevents a party or his or her privy from re-litigating a cause of action that was raised or could have been raised in a prior action arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp., 73 Ohio St.3d at the syllabus. Collateral estoppel prevents parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a previous suit. Id.
In the present case, the CSEA lacked the authority to consider appellant's claims. Therefore, because they could not be raised and fully litigated in the previous administrative proceeding, these claims are not barred by the doctrine of res judicata. Accordingly appellant's third assignment of error is found well-taken.
Appellant's second assignment of error is rendered moot by our disposition of her first and third assignments and, as a result, shall not be considered by this court. The judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal.
 _________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.
[1] References to both statutes are as of January 1, 1998. Both statutes were repealed, effective March 22, 2001.