OPINION
{¶ 1} Defendant-appellant, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP"), representing the interests of James Young, appeals the decision of the Clermont County Court of Common Pleas finding plaintiff-appellee, the Board of Trustees of Miami Township ("Township"), was entitled to an offset for any back pay due to Young. The following facts are relevant to this appeal:
 {¶ 2} On February 12, 1997, Marcey Phillips, a dispatcher at the Clermont County communications center complained to the Miami Township Police Department ("police department") that Young had sexually harassed her. On April 2, 1997, after an internal investigation, Young was terminated from his employment as a sergeant with the police department. Young immediately filed a grievance, in which he asserted that his termination was in violation of the collective bargaining agreement between the Township and the FOP.
 {¶ 3} The parties agreed to arbitration, submitting the following issues for the arbitrator's consideration: (1) Did the employer violate the collective bargaining agreement when it terminated Young; (2) If so, what should the remedy be.
 {¶ 4} On August 15, 1998, after a three-day hearing, the arbitrator issued a decision ordering Young reinstated to his former position. Specifically, the arbitration award ordered Young reinstated, without back pay or benefits, within 30 days of the decision.
 {¶ 5} On September 15, 1998, the Township filed a motion with the common pleas court to vacate the arbitration award. FOP filed a response on October 1, 1998. In its response, FOP requested the immediate reinstatement of Young, and for the first time requested back pay, benefits, and prejudgment interest, retroactive to the date of the arbitration award.
 {¶ 6} On March 26, 1999, without an evidentiary hearing concerning FOP's claim for back pay, the trial court issued an entry overruling the Township's motion to vacate, and denying FOP's request for retroactive back pay, benefits, and prejudgment interest. An appeal to this court followed.
 {¶ 7} On appeal, we confirmed the arbitration award, and remanded the case to the trial court with orders to calculate back pay and interest retroactive to the date of the arbitration award.[1]
 {¶ 8} On remand, the parties submitted evidence concerning back pay from September 15, 1998, the date the arbitration award ordered Young's reinstatement, through October 1, 2000.[2]
The trial court found Young would have earned $101,328 in back pay during this time period. The court also found, however, that the Township was entitled to a $103,548 offset from income Young generated by operating a construction business, and from income Young earned working for the Mt. Orab police department. Consequently, the trial court found that Young was not entitled to any back pay or interest retroactive to the date of the arbitration award.
 {¶ 9} FOP, on behalf of Young, now appeals the trial court's decision granting the Township an offset for Young's back pay retroactive to the date of the arbitration award. On appeal, FOP raises five assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ORDERED AN OFFSET OF THE BACK PAY DUE JAMES YOUNG DESPITE THE APPELLEE'S FAILURE TO PREVIOUSLY RAISE THIS ISSUE."
 {¶ 12} In its first assignment of error, FOP argues the trial court erred in ordering an offset of back pay because the Township waived the right to assert an offset defense when it failed to raise the defense at the arbitration hearing or as an affirmative defense when the arbitration award was appealed to the trial court.
 {¶ 13} In support of its argument that the Township waived any offset, FOP relies primarily upon International Union ofOperating Engineers, Local No. 841 v. Murphy Co. (C.A.7, 1996),82 F.3d 185, and Washington-Baltimore Newspaper Guild v.Washington Post Co. (D.D.C. 1973), 367 F.Supp. 917.
 {¶ 14} We find these cases to be inapposite to the case at bar. In Murphy, the arbitrator ordered the grievants reinstated to their employment "and made whole." The Seventh Circuit found the make whole award unambiguously included an award of back pay. Id. at 189. Similarly, in Washington-Baltimore, the arbitration award expressly included an award of back pay. The employers in both cases attempted to avoid complying with the back pay awards by claiming, after the awards were ordered in arbitration, that the awards were subject to an offset. In subsequent actions by the employees to enforce the back pay awards, the courts inMurphy and Washington-Baltimore concluded the employers failed to timely raise the issue of an offset when they failed to do so before the arbitrator.
 {¶ 15} In the instant case, the arbitration award specifically stated that Young was to be reinstated without
back pay. This court, not the arbitrator, ordered back pay to be calculated, retroactive to the date of Young's reinstatement. Thus, the issue of an offset did not become ripe until we issued our decision confirming the arbitration award. On remand, when the trial court heard evidence on the issue of back pay, the Township properly raised the issue of an offset.
 {¶ 16} Furthermore, on remand the trial court rejected FOP's contention that the offset defense was not timely raised and allowed the parties to litigate the issue. Nothing in the record indicates the trial court's decision in this regard prejudiced the ability of FOP to defend against the Township's claim to an offset. Both parties were given a fair opportunity to conduct discovery, and brief and argue the issue to the court. Without a showing of prejudice, we cannot say the trial court abused its discretion in allowing the Township to assert an offset defense for the first time on remand. See Wilmington Steel Products,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, and Hoover v. Sumlin (1984), 12 Ohio St.3d 1 (holding a trial court's decision to allow a party to present a defense not initially set forth in an answer is discretionary).
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} FOP's second and third assignments of error are as follows:
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND THAT JAMES YOUNG'S BUSINESS WAS INCOMPATIBLE WITH HIS EMPLOYMENT WITH THE TOWNSHIP."
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ALLOWED JAMES YOUNG'S BUSINESS INCOME FOR THE ENTIRE CALENDAR YEARS OF 1998 AND 2000 TO BE USED TO OFFSET THE TOWNSHIP'S OBLIGATION OF BACK PAY FOR ONLY A PORTION OF THOSE YEARS."
 {¶ 23} In its second assignment of error, FOP argues the trial court's decision to use Young's earnings from his construction company to offset back pay owed was against the manifest weight of evidence. In its third assignment of error, FOP argues the trial court's method for calculating the offset was flawed because it relied on figures from a document not submitted as evidence, and because it included income outside the relevant time period. Because these arguments are related, we will consider them together.
 {¶ 24} To begin, we will not reverse a judgment as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. C.E. Morris Co. v. Foley Const.Co. (1978), 54 Ohio St.2d 279, syllabus. Evaluating evidence and assessing its credibility are the primary functions of the trier of fact, not an appellate court. Yuhasz v. Mrdenovich (1992),82 Ohio App.3d 490, 492.
 {¶ 25} Thus, this court must not substitute its judgment for that of the trial court when there is competent and credible evidence supporting the trial court's findings of fact and conclusions of law. Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. If the evidence is susceptible to more than one interpretation, we must interpret it consistent with the judgment of the trial court. Id.
 {¶ 26} The amount of compensation recoverable by a wrongfully discharged employee is "that which the employee would have received had he not been wrongfully dismissed, reduced by the amount he earned, or in the exercise of due diligence could have earned in appropriate employment, during the discharge period."State ex rel Hamlin v. Collins (1984), 9 Ohio St.3d 117, 118; see, also, Hiett v. Heywood (1986), 31 Ohio App.3d 222.
 {¶ 27} The parties do not dispute that Young would have earned $101,328 in back pay, excluding overtime and court time, during the suspension period. FOP also does not dispute that Young earned $9,022 during his suspension working for the Mt. Orab Police Department. What is disputed is the income Young generated from his construction business.
 {¶ 28} The Township argues, based upon Young's deposition and business records, that it is entitled to "an absolute minimum" offset of $103,548. FOP, on the other hand, relying solely upon the "business income" line in Young's tax returns for the relevant years, argues that the maximum possible offset for Young's income during his suspension is $66,385. The trial court reviewed the evidence submitted, and the offset figures proposed by the parties, and calculated an offset of $103,548.
 {¶ 29} Upon a review of the record, we find the evidence before the trial court supports an offset calculation of $103,548. While we recognize that the evidence of Young's business income during the period in question is susceptible to more than one interpretation, that alone is not enough for this court to conclude the trial court's judgment is against the manifest weight of the evidence. See Seasons Coal Co.
 {¶ 30} FOP contends the trial court erred when it calculated the offset because it relied on income figures the Township submitted in its brief, and on income Young earned outside the relevant time period.
 {¶ 31} On remand, the issue of an offset was the subject of extensive discovery and briefing to the trial court. During discovery, Young was deposed, and he provided the Township with business records and tax information as far back as 1994. When discovery was completed, both parties submitted briefs to the court in which they analyzed Young's income during the relevant time period and suggested to the court the proper amount of a setoff. In its brief, the Township also requested a hearing in order to submit evidence of Young's income.
 {¶ 32} In response to the Township's request for a hearing, FOP stated:
 {¶ 33} "[FOP] opposes the Township's request for an evidentiary hearing. The Township has been given extensive discovery opportunities. The Township has filed four separate briefs on this issue. The Township was provided with Mr. Young's tax returns from 1994 through 2000 as well as numerous documents from Mr. Young's utility construction business. The Township has conducted three days of deposition of Mr. Young. There is no need for an evidentiary hearing.
 {¶ 34} "Besides, the parties had previously agreed to brief this issue, present an oral argument to the Court, if requested, and submit it to the Court for a decision. [FOP] requests that this Court deny the Township's request for an evidentiary hearing."
 {¶ 35} FOP cannot now complain, after opposing an evidentiary hearing and agreeing to rely on submitted briefs, that the trial court erred in concluding the Township's interpretation of Young's business income is correct.
 {¶ 36} Furthermore, FOP did not request, pursuant to Civ.R. 52, that the trial court issue findings of fact regarding its decision to adopt the Township's proposed offset of $103,548. When an appealing party claims the factual findings of a trial court are against the manifest weight of evidence, and that party fails to request that the trial court issue separate findings of fact, an appellate court is bound to affirm "if from an examination of the record as a whole * * * there is some evidence from which the court could have reached the ultimate conclusions of fact * * *." Pettet v. Pettet (1988), 55 Ohio App.3d 128,130. Accordingly, FOP's contention that the trial court erred in calculating the offset is not well-taken.
 {¶ 37} FOP also contends that Young could have, and would have, worked as a police officer and fully operated his construction company from September 15, 1998, the date of his reinstatement, through October 1, 2000, if the Township would have reinstated him as originally ordered in arbitration. Consequently, FOP argues, the trial court should not have included earnings from Young's business in the offset calculation.
 {¶ 38} In support of its contention, FOP relies on CuyahogaFalls Education Association v. Cuyahoga Falls City SchoolDistrict Bd. of Ed. (1996), 112 Ohio App.3d 366. In CuyahogaFalls, the Ninth District Court of Appeals found that income a teacher earned from summer and evening employment should not have been deducted from back pay owed to her because the work done at those times was not incompatible with the normal duties of a school teacher.
 {¶ 39} We find FOP's reliance on Cuyahoga Falls is misplaced. The plaintiff in that case worked during the summer and in the evenings, time periods that are outside the normal schedule for a school teacher. In the instant case, Young operated his construction company until he began working full-time for the police department in 1991. The trial court found that Young was not operating his construction company while working full-time for the Township, and only began operating it again when he was suspended in 1997. The court also found that Young was working "over thirty to forty" hours per week at the company, that his business income during the suspension increased from $84,493 to over $616,512, and that his net worth during the suspension increased by more than $200,000.
 {¶ 40} From the foregoing, the court concluded that Young's operation of his construction company was incompatible with his full-time employment with the police department. Upon review, we see no error with this conclusion. Accordingly, FOP's contention that Young's business should have been excluded from the offset calculation is not well-taken.
 {¶ 41} The second and third assignments of error are overruled.
 {¶ 42} Assignment of Error No. 4:
 {¶ 43} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED OVERTIME/COURT TIME IN THE CALCULATION OF BACK PAY DUE JAMES YOUNG."
 {¶ 44} In its fourth assignment of error, FOP contends the trial court erred by not including overtime and court time Young would have worked had the Township properly reinstated him in accordance with the arbitration award.
 {¶ 45} The purpose of a back pay award is to make the wrongfully discharged employee whole. State ex rel Stacy v.Batavia Local School Dist. Bd. of Ed., 105 Ohio St.3d 476, 481,2005-Ohio-2974, ¶ 26. Compensation due for a period of wrongful exclusion is recoverable "provided the amount recoverable is established with certainty." Id. at ¶ 28.
 {¶ 46} Young's overtime and court time was 12 percent of his income in 1995, 22 percent of his income in 1996, and 11 percent of his income in 1997. FOP takes the average of these three figures, 15 percent, and argues that Young is due an additional $15,199 in back pay. The trial court determined that an average is too speculative to include in the calculation of back pay. We agree.
 {¶ 47} In Stacy, the Court considered whether a pay raise should have been included in a back pay award. The court noted that the "the term `with certainty' generally refers to whether a particular amount has been precisely determined as to its value in dollars and cents * * *." Id. Applying this standard, the Court held that Stacy established a right to lost raises by submitting sufficient evidence that step raises at his place of employment took effect automatically.
 {¶ 48} In the instant case, FOP did not submit any evidence of overtime or court time actually paid to a person in Young's position during the time period in question. Lacking evidence of actual overtime and court time paid to someone in Young's position during the time period in question, the trial court properly concluded these forms of compensation were too speculative to include in Young's back pay calculation.
 {¶ 49} The fourth assignment of error is overruled.
 {¶ 50} Assignment of Error No. 5:
 {¶ 51} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO CALCULATE INTEREST ON THE BACK PAY DUE JAMES YOUNG."
 {¶ 52} In its fifth and final assignment of error, FOP contends that the trial court erred by not calculating interest on the back pay owed Young prior to applying an offset.
 {¶ 53} FOP cites to no authority for the proposition that interest on back pay owed is to be calculated prior to applying an offset. Furthermore, while R.C. 1343.03 does provide for interest to a judgment creditor, any interest provided for assumes the prior existence of a judgment award. See State exrel. Crockett v. Robinson (1981), 67 Ohio St.2d 363 (holding an employee of a municipality may receive interest on an award of back pay). In the instant case, after calculating Young's income and applying an offset, the trial court concluded that Young is not entitled to an award of back pay retroactive to the date of his reinstatement. Absent a judgment award granting back pay, Young lacks any claim to interest.
 {¶ 54} The fifth and final assignment of error is overruled.
 {¶ 55} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] See Board of Trustees of Miami Township v. Fraternal Orderof Police, Ohio Labor Council (May 15, 2000), Clermont App. Nos. CA99-03-028, 031.
[2] Young was reinstated on October 2, 2000.