[Cite as *Gardenhire v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4331.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Celina H. Gardenhire, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 19AP-54 |
| | | (C.P.C. No. 18CV-7121) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | (ACCELERATED CALENDAR) |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on October 22, 2019

**On brief:** *James J. Leo Law Office,* and *James J. Leo*, for appellant. **Argued:** *James J. Leo.*

**On brief:** *Dave Yost*, Attorney General, and *Joseph Rosenthal*, for appellee. **Argued:** *Joseph Rosenthal.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Celina H. Gardenhire, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order issued by the State Personnel Board of Review ("SPBR" or "board"). SPBR's order modified and lessened discipline imposed by appellee, the Ohio Department of Rehabilitation and Correction ("ODRC" or "appellee"), arising out of appellant's employment at Grafton Correctional Institution ("Grafton").

I. Facts and Procedural History

{¶ 2} Appellant worked for ODRC at Grafton with the title of Operations Compliance Manager beginning June 1, 2014. In this position, she was a member of the warden's executive staff and was responsible for administering the requirements mandated by the Federal Prison Rape Elimination Act ("PREA") at Grafton. PREA was enacted to address and eliminate sexual abuse, sexual harassment, and retaliation toward inmates.

Grafton was scheduled for a PREA audit in April 2017, and appellant's responsibilities included preparing Grafton for the audit to ensure continued accreditation by the American Correctional Association and compliance with standards promulgated by the United States Department of Justice.  Grafton needed to successfully complete the audit in order to remain accredited and continue receiving federal funding.

{¶ 3}  Preparation for the 2017 PREA audit required appellant to collect and organize documentation throughout the 2016 calendar year.  The collected information would periodically be submitted to Charlotte Owens, PREA Implementation Director with ODRC central office.

{¶ 4}  The timeliness and accuracy of the pre-audit information gathered by appellant presented a point of factual dispute in appellant's disciplinary proceedings. Appellant's completion of the task was complicated when appellant took an authorized medical leave of absence beginning February 21, 2017.  Appellant's supervisors found fault with her preparation for the pre-audit and initiated a disciplinary process that culminated in a removal order pursuant to R.C. 124.34, stating in part as follows:

> As Program Administrator 2 (OCM) responsible for all Grafton Correctional Institutions preparedness for audits, you failed to have all audit documents and files completed by December 31, 2016 as directed by your supervisor Deputy Warden Ron Armbruster and Warden LaShann Eppinger.
>
> Upon learning that you would be leaving for an extended period on February 21, 2017 you further failed to properly prepare the audit documents and files, misrepresenting to Mr. Armbruster and Warden Eppinger, with knowledge and intent, that the audit files and documents were audit ready, which in fact, they were not. This malfeasance on your part, without intervention of others, could have cost the institution its national accreditation, which is how GCI's overall compliance and performance is graded and a prime function of your position description.

(Appellee's Hearing Ex. 1 at 3.)

{¶ 5}  As a classified state employee, appellant appealed the removal order to SPBR. After a three-day hearing, the hearing officer issued a report recommending affirmance of the removal order.  Appellant filed objections to the hearing officer's report and requested an oral argument before the full board.  After review, the board adopted the factual findings contained in the hearing officer's report, but rejected the recommendation to affirm

appellant's removal. The board determined appellant should maintain her employment but be demoted one grade to lieutenant and reinstated at Grafton or another nearby correctional facility.

{¶ 6} Appellant filed a further appeal to the Franklin County Court of Common Pleas. The common pleas court reviewed appellant's arguments concerning the state of the evidence before SPBR and concluded the board's order was supported by reliable, probative, and substantial evidence, was in accordance with law, and must be upheld.

## II. Assignments of Error

{¶ 7} Appellant appeals and assigns the following five assignments of error for our review:

> [I.] The Lower Court's Decision, that Ms. Gardenhire Failed to Meet an Alleged December 31, 2016 Deadline, Is Unreasonable Because ODRC, Which Had the Burden of Proof at the Hearing, Failed to Produce Any Document to Establish that a December 31st Deadline Ever Existed, and Warden Eppinger's Self-Serving Testimony on that Matter Stretches the Limits of Credibility as It Was Contrary to Other Testimony, Was Contrary to Circumstantial Evidence, and Was Contrary to Simple Notions of Common Sense.
>
> [II.] The Lower Court's Decision, that Ms. Gardenhire Misrepresented that PREA Files were Audit Ready (Completed and Approved), Is Unreasonable Because, By the Warden's Own Testimony, Ms. Gardenhire Only Represented that PREA File Changes Had Been Submitted to Ms. Owens And Were Pending Approval, Which Was Entirely Accurate and there was No Misrepresentation.
>
> [III.] The Lower Court's Decision, that Ms. Gardenhire Failed to Properly Prepare PREA Audit Files, Is Unreasonable Because Ms. Gardenhire's PREA File Submissions Were as Good or Better than those of Comparators.
>
> [IV.] The Lower Court Erred, As a Matter of Law, By Rejecting Ms. Gardenhire's Disparate Treatment Comparators and Holding that "SPBR Is Under No Obligation to Treat All Individuals the Same" Because A Disparate Treatment Rule (O.A.C. 124-9-11) Exists and Case Precedent Exists Which Compel SPBR To Consider Whether Similarly Situated Employees are Being Disciplined the Same.
>
> [V.] The Lower Court's Decision is Unreasonable Because it is Based Upon Prior Discipline Issued to Gardenhire and There is No Evidence She Has Committed the Offenses of the Current

Charges. Even if Such Evidence Existed, Use of Prior Discipline Would Still Be Inappropriate Because Gardenhire Had No Opportunity to Challenge It to an Impartial, Third-Party Tribunal.

## III. Analysis

{¶ 8} Under R.C. 119.12, the common pleas court, when reviewing an order of an administrative agency, must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). The Supreme Court of Ohio has defined reliable, probative, and substantial evidence as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

(Footnotes omitted.) *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 9} Review by the common pleas court is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court must assess the evidence regarding the credibility of witnesses and the probative value of the evidence. *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275 (1955); *Rupert v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-173, 2017-Ohio-8377. While the common pleas court will give due deference to the administrative agency's resolution of evidentiary conflicts, the factual findings of the agency are not conclusive before the common pleas court. *Conrad* at 111; *Crosier v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-4, 2018-Ohio-820, ¶ 23.

{¶ 10} On further review to this court, our review is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993). Our review is limited to determine whether the common pleas court abused its discretion in finding that the order of the board was supported by reliable, probative, and substantial evidence and in accordance with law. In keeping with this, we retain plenary review on purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

{¶ 11} Appellant's first assignment of error asserts the common pleas court erred in finding the evidence supported SPBR's conclusion that ODRC had proved appellant failed to meet a December 31, 2016 deadline in preparation for the pre-audit. The evidence before the SPBR hearing officer generally established that Owens set two deadlines in preparation for the audit: a deadline termed the "Submission Deadline" for Grafton's audit preparation was February 6, 2017; and Grafton's "Audit Ready Deadline" was March 13, 2017. ODRC and the disciplinary notice charges appellant failed to have substantially all audit documents and files completed by December 31, 2016, well in advance of the above two deadlines. Appellant asserts no evidence introduced at the hearing mentions this additional December 31, 2016 deadline in relation to any aspect of appellant's preparation for the pre-audit. Appellant herself directly testified that no such deadline existed.

{¶ 12} Appellee points out the documentary and testimonial evidence establishes earlier deadlines than those cited by appellant. The minutes of a department head meeting from the institution, at which preparation for the next PREA audit was discussed, addressed concerns over timely submission of documents and contain the following language:

> The expectation from here on out will be that at the end of each month, files will be collected and scanned by Mrs. Gardenhire. She will meet with you to highlight documents, then she will scan them. All files that can be turned in during the collection period (August – December) will be turned in at the end of the month. By January, files will be completed with the exception of a few which we don't have documentation for yet.

(June 9, 2016 Meeting Minutes, Appellee's Ex. 11 at 173.)

{¶ 13} This directive clearly implemented a procedural expectation on the part of appellant's hierarchal superiors that she would be uploading on a monthly basis so that by the end of December 2016 all documentation would be essentially complete. Warden Eppinger testified before the hearing officer that the monthly goal was clearly communicated: "In other meetings, I said December 31st. Everybody knew December 31st was the deadline." (Tr. Vol. III at 109.) This requirement of monthly uploads was in response to problems with an internal audit in June 2016: "[W]hat occurred in this one, the audit did not go well as far as our Ohio standards. We lost several Ohio standards in PREA due to some of the issues outlined here." (Tr. Vol. III at 22.)

{¶ 14} Appellant's central-office supervisor for PREA purposes, Owens, relied on the monthly upload procedure and noted it had not been followed. The two exchanged e-mails discussing empty computer files or folders in January 2017. Owens testified she found numerous empty folders on January 30, 2017 that contained no PREA documents, and these folders should have been filled with the monthly uploads required by Warden Eppinger.

{¶ 15} Based on this evidence of the existence of a December 31st deadline and appellant's failure to comply with it, the common pleas court did not abuse its discretion in determining there was reliable, probative, and substantial evidence that appellant failed to meet a December 31st deadline. Appellant's first assignment of error is overruled.

{¶ 16} Appellant's second assignment of error asserts the court of common pleas erred in concluding there was evidence supporting the SPBR's conclusion that appellant misrepresented the condition of her PREA files, which were deemed not to be audit-ready prior to her scheduled medical leave of absence. Appellant argues there is no evidence she told her supervisors the files were "audit ready," when in fact appellant had only represented to Warden Eppinger that the files were complete and submitted to Owens for review, and appellant was awaiting Owens' evaluation and suggestions for further minor work on the files.

{¶ 17} Appellee responds that appellant twice told her supervisors that work was progressing satisfactorily. In an October 7, 2016 e-mail, appellant advised Deputy Warden Armbruster she would meet the deadline for the February preparation of the audit: "The whole process is my responsibility and allowing others to control the process only causes interference. As you are aware, I have multiple tasks to complete and I would like to be given the opportunity to complete without any unnecessary interference. I think it would be good to be allowed to oversee my area the same way the following direct reports are allowed." (Appellee's Hearing Ex. 10 at 89.) Warden Eppinger testified he was told by appellant prior to February 6th that everything was done and ready for Owens' review, but Owens eventually found, after examining the documents on February 21st or 22nd, the files were deficient. Owens testified regarding appellant's inability to correct the identified documentary deficiency before leaving on planned medical leave.

{¶ 18} Based on these communications and results, the hearing officer was faced with a factual determination regarding the import of appellant's assertions that the audit preparations were progressing satisfactorily. On the one hand, appellant considers she

properly advised her superiors that all required documentation would be ready for Owens' review and assessment and that revisions and corrections would inevitably ensue at Owens' direction. The files, therefore, were in appellant's estimation as ready as they could be until reviewed. Appellee, on the other hand, asserts the state of the documents gathered by appellant over the course of the year was so deficient that the files were not only unready for audit, but incomplete and unfit for review by Owens.

{¶ 19} Between February 3rd and 9th, 2017, Owens reviewed files submitted by appellant and deemed them unacceptable. These included a number of electronic file folders that contained no documentation in the categories they were intended to hold. After appellant gave the document additional attention at Owens' direction, documents were still missing and some materials required corrections. Because of appellant's departure on medical leave, another staffer, Steve Weisher, normally occupying the post of institutional investigator, took over appellant's PREA responsibilities. Weisher testified he worked five to six hours a day for two straight weeks to complete Grafton's PREA files and make them audit ready for the March 2017 deadline. The amount of work directly contradicted the Warden's impression of the state of preparation following discussions with appellant on previous occasions.

{¶ 20} The hearing officer concluded appellant had affirmatively misrepresented her progress toward completion of preparations for the PREA audit and failed to inform her supervisors of the "substantial risk of delay or failure" in those preparations. (Report and Recommendation at 5.) There was reliable, probative, and substantial evidence in the record to support this factual conclusion, and the common pleas court therefore did not abuse its discretion in upholding SPBR's ultimate decision. Appellant's second assignment of error is overruled.

{¶ 21} Appellant's third assignment of error asserts the common pleas court erred in upholding SPBR's conclusion that appellant's results were not on par with work performed by comparable employees within other ODRC institutions. Appellant's fourth assignment of error asserts the hearing officer, SPBR, and the common pleas court improperly rejected consideration of discipline imposed on those comparably situated ODRC employees. These two assignments of error present related points for discussion and will be addressed together.

{¶ 22} Appellee's response to these issues begins with discussion of appellant's extensive disciplinary history, which the comparably situated employees did not share and

which is further discussed below in connection with appellant's fifth assignment of error. More conclusively, even if appellant were similarly situated to the individuals whose work she compares unfavorably to her own, SPBR is under no obligation to treat different disciplinary cases identically. Pursuant to Ohio Adm.Code 124-9-11(A), SPBR "may hear evidence of disparate treatment between the appellant and other similarly situated employees *of the same appointing authority* for the purpose of determining whether work rules or administrative policies are being selectively applied by the appointing authority or to determine whether the discipline of the similarly situated employees is uniform." (Emphasis added.) Ohio Adm.Code 124-9-11(B) provides that evidence of disparate treatment may be considered in evaluating the appropriateness of discipline imposed.

{¶ 23} The question of whether employees are similarly situated so that disparate treatment may be considered is a question for the trier of fact, in this case, SPBR. *Ohio Dept. of Mental Retardation & Dev. Disabilities v. Moore*, 4th Dist. No. 98 CA 1 (June 18, 1998). Ultimately, however, employees' discipline will stand or fall on its own merits. *Green v. W. Reserve Psychiatric Rehab.*, 3 Ohio App.3d 218, 219 (9th Dist.1981); *Long v. Ohio Dept. of Job & Family Servs.,* 180 Ohio App.3d 772, 2009-Ohio-643 (10th Dist.). While appellant in this case offered disparate-treatment evidence by presenting evidence regarding four employees holding comparable positions to her own at other correctional facilities, those employees were not subject to the same appointing authority, the warden of Grafton, as appellant. Moreover, as noted by SPBR, the acts and omissions for these other employees that led to minor discipline were not as serious as appellant's. Nor had the other purportedly comparable employees received as much prior discipline in relation to their duties and responsibilities in preparing for a PREA audit.

{¶ 24} Moreover, as outlined above, the record supports the finding that appellant was deficient in fulfilling her duties in preparing for the pre-audit. In summary, the hearing officer's report, SPBR's order, and the common pleas court's decision in this case correctly rely on reliable, probative, and substantial evidence regarding application of discipline in this case in light of comparably situated employees and the nature of appellant's deficiencies in preparing for the PREA audit. Appellant's third and fourth assignments of error are overruled.

{¶ 25} Appellant's fifth assignment of error asserts appellant's past discipline may not be used against her in these proceedings because she had no opportunity to challenge that discipline before a fair and impartial tribunal. Before the hearing officer, appellee

presented evidence that over a 19-month period preceding June 2017, appellant had accumulated eight violations culminating in two 5-day suspensions related to execution of her PREA responsibilities. Ohio Adm.Code 124-9-04(C) governs the admissibility of prior discipline and provides that SPBR may consider such evidence if it is offered to prove either "[n]otice to an employee that particular conduct is unacceptable[,] or [a] continuing problem justifying harsher discipline than might otherwise have been imposed." (Internal numbering omitted.) Such evidence is limited to written reprimands, suspensions, or removals contained in the employee's personnel file. Ohio Adm.Code 124-9-04(B). The evidence of past discipline presented before SPBR in appellant's case meets the requirements of Ohio Adm.Code 124-9-04(C) for consideration of prior discipline to prove a continuing problem with appellant's administration of the PREA audit preparations and consequent harsher discipline in the present case. Appellant presents no legal authority for the proposition that minor infractions which would not give rise to a right of direct appeal to SPBR may not be considered in a progressive discipline scheme such as that in place at ODRC. Appellant's fifth assignment of error is overruled.

## IV. Conclusion

{¶ 26} In accordance with the foregoing, appellant's five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————