HOOD, Appellant,

v.

DIAMOND PRODUCTS, INC. et al., Appellees.

[Cite as *Hood v. Diamond Prod., Inc.* (2000), 137 Ohio App.3d 9.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 98CA007278.

Decided March 1, 2000.

*Ellen S. Simon, Cathleen M. Bolek* and *Christopher P. Thorman,* for appellant.

*Keith A. Savidge* and *Matthew K. Seeley,* for appellees.

---

BAIRD, Presiding Judge.

Christine S. Hood appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment to defendants Diamond Products, Inc. and TDP Joint Venture. We reverse.

Christine Hood was discharged from her employment with Diamond Products, Inc. in 1991. In 1992, Hood filed suit against Diamond Products and its holding company, TDP Joint Venture, alleging (1) discharge on account of a handicap, in violation of R.C. 4112.02(A), (2) wrongful discharge in violation of public policy, per R.C. 4112.02(A), and (3) breach of employment contract established by estoppel. In 1993, the trial court granted summary judgment for the defendants. On appeal, this court affirmed. *Hood v. Diamond Prod., Inc.* (Apr. 13, 1994), Lorain App. No. 93CA005649, unreported, reversed (1996), 74 Ohio St.3d 298, 658 N.E.2d 738. We held that, as to the statutory claims, Hood had not produced sufficient evidence to establish that, due to her bladder cancer, she was "handicapped," and therefore her claim could not survive summary judgment. We also found that there was insufficient evidence of tenure by estoppel, and that this claim could not survive summary judgment.

Hood filed a discretionary appeal to the Ohio Supreme Court. The Supreme Court reversed this court, finding that Hood had produced evidence of her handicap sufficient to survive summary judgment. *Hood v. Diamond Prod., Inc.* (1996), 74 Ohio St.3d 298, 304, 658 N.E.2d 738, 743. The court further stated, "[S]ummary judgment was improperly granted in favor of appellees. We reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion." *Id.*

After remand, and without any further production of evidence by either party, the defendants again moved for summary judgment. The trial court found that our affirmance of summary judgment on Hood's claims of tenure by estoppel and violation of public policy remained the law of the case because Hood did not appeal these claims when she appealed our decision to the Supreme Court. The trial court again granted summary judgment to the defendants on the remaining statutory discrimination claim because it found that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law.

Hood filed the instant appeal, asserting that the trial court erred in granting summary judgment both because the doctrine of the law of the case precluded a grant of summary judgment, and because the evidence before the trial court was sufficient to defeat summary judgment. Because we find that the trial court was bound by the law of the case established by the Supreme Court, we find that Hood's assignment of error is well taken.

"[T]he doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 518, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412–413. "[A]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan,* at syllabus. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id.* at 3, 11 OBR at 3, 462 N.E.2d at 413.

Appellate review of the trial court's grant of summary judgment is *de novo,* and it applies the same standard used by the trial court. *State ex rel. Strategic Capital Investors, Ltd. v. McCarthy* (1998), 126 Ohio App.3d 237, 243, 710 N.E.2d 290, 294, citing *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275. In its review, the Supreme Court concluded that "summary judgment was improperly granted in favor of appellees." *Hood,* 74

Ohio St.3d at 304, 658 N.E.2d 738, 743. Thus, the Supreme Court determined that, on the record before it, there were genuine issues of material fact and that defendants were not entitled to judgment as a matter of law.

It is undisputed that, after remand from the Supreme Court, the trial court was faced with the same record that the Supreme Court reviewed in rendering its decision. Consequently, the trial court was obliged to follow the Supreme Court's directive and deny defendants' new motion for summary judgment. *Nolan*, 11 Ohio St.3d at 3, 11 OBR at 3–4, 462 N.E.2d 410, 412–413.

We find that the trial court erred in (1) concluding that its prior grant of summary judgment to the defendants on Hood's claims of violation of public policy and tenure by estoppel was not reversed by the Supreme Court, and (2) granting summary judgment on the "remaining" statutory claim. The Supreme Court concluded that summary judgment was inappropriate on the record before it. Because we find that the trial court was bound by the law of the case, its grant of summary judgment, on the same record that the Supreme Court deemed inadequate to support summary judgment, was erroneous.

Hood's assignment of error is well taken. We reverse the judgment of the trial court and remand the cause for further action consistent with this decision.

*Judgment reversed*
*and cause remanded.*

SLABY and WHITMORE, JJ., concur.