WILLIAMS, Appellant,

v.

CITY OF AKRON et al., Appellees.

[Cite as *Williams v. Akron* (2001), 141 Ohio App.3d 724.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20255.

Decided March 14, 2001.

*Leonard W. Hazelett*, for appellant.

*Max Rothal*, Director of Law, *Elaine B. Davidson* and *John A. Mascolo*, Assistant Directors of Law, for appellees.

BAIRD, Judge.

Elmore Williams, Jr. appeals from the decision of the Summit County Court of Common Pleas, which affirmed the decision of the Akron Civil Service Commission terminating Williams's employment. This court affirms.

## I

Elmore Williams, Jr. had been an officer in the Akron Police Department for nineteen years when he tested positive for marijuana in a random drug screen conducted by the department in August 1994. Approximately one year earlier the police department had instituted a zero tolerance drug program that provided for random drug screens of all officers. The officers were advised that if they tested positive for drug use, they would be subject to disciplinary measures, up to

and including dismissal. Williams signed a statement that he had read the new policy in July 1993.

On August 5, 1994, after celebrating his anniversary with his wife, Williams smoked a marijuana cigarette. A random drug screen was conducted on August 12, and it came back positive for cannabis. On August 19, 1994, the chief of police advised Williams that effective September 2, 1994, Williams was discharged due to the positive drug screen. Williams requested a mayor's hearing, pursuant to Section 72 of the Akron City Charter, which provides that the mayor has the power to review dismissal of a police officer. On September 22, 1994, the city law director as acting mayor, held the hearing, and on October 3, the law director advised Williams that his dismissal was upheld.

Williams appealed to the Akron Civil Service Commission, which held a hearing on December 15, 1994. The commission also affirmed the dismissal, and Williams appealed to the court of common pleas. The common pleas court reversed and held that the city had violated R.C. 737.12 when it permitted the acting mayor to review the dismissal, rather than the safety director, as provided by the statute. The city appealed, and this court reversed the common pleas court, holding that the Akron charter provision superseded the statute under the city's home rule authority. *Akron v. Williams* (1996), 109 Ohio App.3d 848, 852, 673 N.E.2d 221, 223–224. We remanded the cause to the common pleas court, with the determination that the appropriate standard of review to be employed by the lower court is a trial *de novo*. *Id.* at 854, 673 N.E.2d at 225.

Upon remand, Williams attempted to introduce additional evidence to the effect that other officers who had since tested positive for drugs in violation of the policy had suffered less drastic disciplinary measures. The common pleas court refused to allow additional evidence on this matter, and, after briefing by the parties, the court affirmed the dismissal on August 9, 2000. Williams filed the instant appeal, assigning four errors. We have rearranged them for ease of discussion.

## II

*Assignment of Error No. 1*

"Neither the Ohio Revised Code nor the Akron City Charter authorizes the mayor to refer R.C. 7[3]7.12 hearings to the city law director for determination, and the failure to adhere to the mandatory procedures of R.C. 7[3]7.12 is a [denial] of due process of law and [therefore] appellant's discharge is void."

Williams first asserts that his discharge review by the city law director, as acting mayor, violated both state law and the Akron city charter provisions

governing the dismissal of a police officer. We find this assignment of error to be without merit for several reasons.

First, Williams had a full review of the dismissal before the civil service commission, with an opportunity to present evidence. Further, Williams has not stated how he was prejudiced by review by the acting mayor rather than the mayor. Thus, any error in the review process was harmless. In addition, in our first review of this case, this court addressed the hearing by the acting mayor. This court determined that the mayor, or the acting mayor, had the authority to review Williams's dismissal. The first decision by the common pleas court in 1995, which this court reviewed, stated:

"[A]ssuming *arguendo* that the mayor could hear Mr. Williams'[s] appeal, Akron City Charter Section 55(B) suggests that the city law director did not have the authority to preside over the appeal because there was no showing that Mayor Don Plusquellic was temporarily absent, disabled or incapacitated on the date of the hearing."

This court fully reviewed the record and the decision of the common pleas court and reversed the court's reversal of Williams's termination. The decision by this court remains the law of the case after remand, where the lower court is faced with substantially the same evidence after remand. See *Hood v. Diamond Products, Inc.* (2000), 137 Ohio App.3d 9, 11, 738 N.E.2d 6, 8. Williams does not suggest that the common pleas court had any additional evidence relevant to this issue subsequent to our remand in 1996.

Williams's first assignment of error is overruled.

### III

*Assignment of Error No. 3*

"The trial court committed error prejudicial to appellant and denied appellant due process of law when, *ex parte* and without notice to appellant, it heard and granted appellee's motion to quash appellant's subpoena *ad testificandum* for a private citizen."

In his third assignment of error, Williams suggests that the trial court erred when it granted the city's motion to quash Williams's subpoena of the former chief of police, Larry Givens, who terminated Williams's employment. After this court remanded the cause, the common pleas court scheduled an evidentiary hearing for February 7, 1997. On January 24, 1997, Williams subpoenaed the retired Givens to appear and testify at the evidentiary hearing. In its motion to quash, filed on February 7, the city argued that Williams had not sought leave of the common pleas court to introduce additional evidence, and

therefore, he had no right to compel Givens to appear and testify at the hearing. On the same day, the common pleas court granted the. motion to quash.

Williams now argues that the trial court erred in granting the motion to quash. Williams suggests that Civ.R. 45, governing the issuance of a subpoena to a prospective witness, applies to his appeal to the common pleas court. Williams acknowledges that Civ.R. 45(C)(1) requires that the issuing party must "take reasonable steps to avoid imposing undue burden * * * on a person subject to that subpoena." The city's motion to quash was based on the fact that Williams had neither sought nor obtained.leave of the court to produce additional evidence by way of Givens's testimony at the evidentiary hearing. Williams does not contest that fact, which is supported by the record. Assuming without deciding that Civ.R. 45 would apply in this situation, there can be no dispute that it would be unduly burdensome to Givens to compel him to arrive at an evidentiary hearing prepared to testify when the court itself had not even granted leave to Williams to introduce that testimony. Williams' third assignment of error is not well-taken and it is overruled.

## IV

*Assignment of Error No. 2*

"Where a police officer appeals an adverse decision of the civil service commission discharging him, the court of common pleas must afford the appellant a trial *de novo* and it is a denial of due process and prejudicial error for the court to deny appellant a rehearing and retrial of his discharge upon such law and facts as the appellant may plead."

*Assignment of Error No. 4*

"Appellee's 'zero tolerance' enforcement of the drug screening program for sworn employees of the Akron Police Department against the appellant, a nineteen year veteran police officer, represents discipline so grossly disproportionate to the offense that it is unreasonable and, when compared to the discipline rendered upon other police officers who have committed identical infractions, is arbitrary and capricious, and unconstitutional."

Williams argues that the common pleas court denied him a trial *de novo*, in violation of his statutory and constitutional rights. This court disagrees.

The Ohio Supreme Court outlined the procedure for reviewing a dismissal of a police officer in· *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70. There the court held that an appeal from the civil service commission is conducted as a trial *de novo* on the law and the facts. *Id.* at paragraph two of the syllabus. This means that the city has the burden of proving by a preponderance of the evidence the truth of the charges warranting dismissal. *Id.* The court

further likened the hearing before the civil service commission to a trial rather than an appeal of the original dismissal. *Id.* at 538–539, 18 O.O.2d at 83–84, 179 N.E.2d at 72–73. If the matter is appealed to the common pleas court in a trial *de novo,* the city again bears the burden of proving the truth of the charges by a preponderance of the evidence. *Id.* at 539, 18 O.O.2d at 84, 179 N.E.2d at 72–73.

The Supreme Court again visited the issue of such reviews in *Chupka v. Saunders* (1986), 28 Ohio St.3d 325, 28 OBR 393, 504 N.E.2d 9. The court reiterated the process outlined in *Cupps* and noted that, pursuant to R.C. 124.34, governing removal of a police officer, an " 'appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas.' " *Id.* at 327, 28 OBR at 394, 504 N.E.2d at 10, quoting R.C. 124.34. Such an appeal is conducted as a trial *de novo. Id.* The court further stated:

"The scope of a trial *de novo* is governed by the provisions of R.C. Chapter 2505 to the extent they are applicable. R.C. 2505.21,[1] which is among the applicable provisions, provides in part as follows:

" 'An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court.'

"Thus, in a trial *de novo* the court of common pleas is empowered to '* * *substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. * * *' The 'trial,' in a trial *de novo,* is the 'independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal.' The trial is not necessarily '* * *a second event where the witnesses personally reappear and reaffirm or respeak their previous testimony. * * *' In fact, evidence in addition to the transcript and record of the commission's proceedings may only be admitted with the express permission of the reviewing court." (Citation omitted.) *Id.,* 28 Ohio St.3d at 327–328, 28 OBR at 394–395, 504 N.E.2d at 10–11.

█ In the instant case, Williams contends that the common pleas court erred when it refused to allow him to introduce additional evidence not available to the

---

1. R.C. 2505.21 was repealed on March 17, 1987. See 141 Ohio Laws, Part II 3563, 3564.

civil service commission. Williams argues that by refusing to consider additional evidence, the common pleas court denied him a trial *de novo*. However, as the above quote from *Chupka* illustrates, a trial *de novo* does not require the admission of new evidence.

It is clear from the record and the decision of the common pleas court that the court did conduct a trial *de novo*, independently reviewing the evidence and the law without deference to the commission's decision. The common pleas court noted that Williams admitted to using marijuana on the one occasion, and that he voluntarily submitted evidence to the commission that he had a history of drug rehabilitation, dating back ten years prior to the instant offense, during which time he was on the police force. The city was required to prove by a preponderance of the evidence that the charges against Williams were true. See *Cupps*, 172 Ohio St. at 539, 18 O.O.2d at 84, 179 N.E.2d at 72. The city proved that Williams tested positive for marijuana, something Williams does not deny. The city met its burden of proving the truth of the charges against Williams by a preponderance of the evidence.

Williams's second assignment of error is overruled.

In his fourth assignment of error, Williams argues that other officers who also used drugs were treated less severely. Williams sought to introduce evidence related to the cases of these other officer, who, subsequent to Williams's dismissal, violated the drug-use ban. Williams argues that it is clear that his dismissal was arbitrary and capricious because other officers who used drugs were treated differently. However, as noted above, the common pleas court had the discretion whether to allow the admission of additional evidence. The admission of additional evidence rests in the sound discretion of the common pleas court. *Chupka*, 28 Ohio St.3d at 327–328, 28 OBR at 394–395, 504 N.E.2d at 10–11. Thus, a reviewing court will not reverse the lower court's decision absent an abuse of discretion. An abuse of discretion is more than mere error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

Williams asked the common pleas court to allow evidence concerning other officers who allegedly were disciplined less severely than he was. However, it is well established that "[a]n employee's discipline must stand or fall on its own merits." *Green v. W. Reserve Psych. Hab. Ctr.* (1981), 3 Ohio App.3d 218, 219, 3 OBR 248, 249, 444 N.E.2d 442, 444. This court is unpersuaded that the common

pleas court abused its discretion in refusing to allow the introduction of evidence concerning matters irrelevant to Williams's own case.

We likewise review the lower court's *de novo* review using an abuse-of-discretion standard. See *Kennedy v. Marion Correctional Inst.* (1994), 69 Ohio St.3d 20, 21–22, 630 N.E.2d 324, 326. Although dismissal is an extreme measure, Williams has not presented a meritorious argument why a police officer who uses illegal drugs in violation of the law and of his duty to uphold the law should not be dismissed under these circumstances. Williams claims that in his nineteen years on the force he has only one violation of the policy. However, the random drug treatment program had only been in effect for one year prior to Williams's dismissal. Williams admitted to the civil service commission that on two prior occasions in the 1980s while a police officer he had undergone drug rehabilitation. Notwithstanding the new, zero-tolerance policy and his own awareness of a past drug problem, Williams did not seek further drug treatment in order to avoid the risk of relapse and possible dismissal.

This court cannot conclude that the common pleas court abused its discretion when it affirmed Williams's dismissal as proper given the evidence before that court. Williams's fourth assignment of error is overruled.

### V

Having overruled all of the assignments of error, we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

Batchelder, P.J., and Slaby, J., concur.