[Cite as *Caudill v. Brunswick*, 2011-Ohio-5337.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

HARRY CAUDILL

    Appellant

    v.

CITY OF BRUNSWICK

    Appellee

C.A. No.      10CA0075-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     08CIV2312

DECISION AND JOURNAL ENTRY

Dated: October 17, 2011

---

CARR, Presiding Judge.

{¶1} Appellant, Harry Caudill, appeals the judgment of the Medina County Court of Common Pleas. This Court reverses.

I.

{¶2} The parties agree regarding the following procedural history of this matter. Mr. Caudill was terminated from his employment as a captain in the Brunswick, Ohio fire department. He appealed his termination to the Civil Service Commission which upheld his termination. Mr. Caudill appealed the commission's decision to the court of common pleas which remanded the case to the commission for rehearing. After rehearing, the commission again upheld Mr. Caudill's termination. Mr. Caudill appealed to the court of common pleas which affirmed the commission's decision. Mr. Caudill filed a timely appeal in which he raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"THE COURT OF COMMON PLEAS ERRED BY APPLYING AN INCORRECT STANDARD OF REVIEW TO THE ADMINISTRATIVE APPEAL PRESENTED TO IT."

{¶3} Mr. Caudill argues that the common pleas court applied the incorrect standard of review to his appeal from the Civil Service Commission's decision upholding his termination as a captain in the Brunswick fire department. This Court agrees.

{¶4} The trial court expressly considered Mr. Caudill's appeal pursuant to R.C. Chapter 2506 to determine whether the decision of the commission was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." See R.C. 2506.04. The trial court, citing *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 35, accorded great deference to the decision of the commission, noting that "[a] trial court does not sit as a trier of fact in an administrative appeal; rather, when reviewing an administrative appeal, a trial court may not substitute its judgment for that of the agency unless there is a lack of a preponderance of reliable, probative, and substantial evidence to the agency's decision."

{¶5} Mr. Caudill correctly argues that the termination of a member of a municipal fire department is governed by R.C. 124.34, which provides that the member may appeal the commission's decision to the common pleas court as provided by R.C. 119.12. Moreover, "[a]n appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas[.]" R.C. 124.34(C). R.C. 119.12 provides that the common pleas court "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by

reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." Mr. Caudill argues below and on appeal that the common pleas court is required to conduct a de novo hearing regarding his appeal from the commission's decision. Although appellee, City of Brunswick, agreed below that the common pleas court's standard of review is de novo, it now argues that the trial court properly applied the standard enunciated in R.C. Chapter 2506. We conclude that Mr. Caudill makes the sound argument.

{¶6} This Court has recognized the Ohio Supreme Court's holding that an appellant challenging his termination pursuant to R.C. 124.34 is entitled to a de novo hearing before the court of common pleas. *Williams v. Akron* (2001), 141 Ohio App.3d 724, citing *Cupps v. Toledo* (1961), 172 Ohio St. 536, and *Chupka v. Saunders* (1986), 28 Ohio St.3d 325. In *Williams*, *Cupps*, and *Chupka*, the appeals involved the termination of a police officer. Because R.C. 124.34 addresses members of both police and fire departments, the holding is equally applicable in this case.

{¶7} A firefighter's appeal on questions of law and fact to the common pleas court pursuant to R.C. 124.34 "is conducted as a trial de novo." See *Williams*, 141 Ohio App.3d at 730, citing *Chupka*, 28 Ohio St.3d at 327. Moreover, at the trial de novo, "the city again bears the burden of proving the truth of the charges by a preponderance of the evidence." *Williams*, 141 Ohio App.3d at 730, citing *Cupps*, 172 Ohio St. at 539. The *Chupka* court clarified that "in a trial de novo the court of common pleas is empowered to substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. The trial, in a trial de novo, is the independent

judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal." (Internal quotations and citations omitted.) *Chupka*, 28 Ohio St.3d at 327.

{¶8} In this case, the common pleas court failed to conduct a de novo trial and an independent judicial examination and determination of the conflicting issues of fact and law as required in an appeal pursuant to R.C. 124.34. Instead, it improperly conducted an administrative appeal pursuant to R.C. Chapter 2506, erroneously according greater deference to the decision of the commission. Mr. Caudill is entitled to a de novo trial and independent judicial examination and determination of the conflicting issues of fact and law in his appeal from the commission's decision. Mr. Caudill's sole assignment of error is sustained.

III.

{¶9} Mr. Caudill's assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT


MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

KEITH R. WOLGAMUTH, Attorney at Law, for Appellant.

JAMES A. BUDZIK, Attorney at Law, for Appellee.