[Cite as *Bartick v. Lorain Cty. Bd. of Commrs.*, 2025-Ohio-1881.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOSEPH M. BARTICK

    Appellant

    v.

LORAIN COUNTY BOARD OF
COMMISSIONERS

    Appellee

C.A. No.    24CA012130

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV208990

DECISION AND JOURNAL ENTRY

Dated: May 27, 2025

SUTTON, Judge

**{¶1}** Plaintiff-Appellant Joseph M. Bartick appeals the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms in part and reverses in part.

I.

**Relevant Background Information**

**{¶2}** The Fortune Ditch and Dickson Ditch run through Lorain County, specifically Eaton Township and the City of North Ridgeville. Mr. Bartick owns real property in Lorain County, Ohio and a portion of the Dickson Ditch runs through Mr. Bartick's property. Over the years, the ditches fell into disrepair, with overgrown vegetation, downed trees, and silt clogs, which caused flooding and damage to homes and property. The ditches also caused standing water, which created mosquito problems. In 2022, Bob Schmitt Homes and numerous property owners affected by the flooding submitted a petition for the improvement of the Fortune and Dickson Ditches to

the Lorain County Storm Water Management District which was then filed with Defendant-Appellee Lorain County Board of Commissioners ("the Board.")  The petition set forth the work proposed, including cleaning and removing obstructions from the ditches, straightening, deepening or widening the ditches, among other improvements, to restore adequate drainage and provide access "within a new permanent easement for county maintenance."

{¶3}    The ditch project was expected to restore more than 2 ½ miles of a major drainage course that would benefit hundreds of homes and farms located on more than 700 acres of land, according to Peter Zwick, Chief Deputy Engineer with the Office of the Lorain County Engineer.

{¶4}    The petition proceeded before the Board pursuant to the hearing process set forth in R.C. Chapter 6131 which governs single county drainage improvements.  A final hearing on the ditch improvement project was scheduled by the Board for April 11, 2023, and notice was sent to impacted residents, including Mr. Bartick, informing them they could file an exception to the proposed assessment or a claim for compensation or damages not less than five days before the date of the hearing.

{¶5}    Mr. Bartick timely filed his "Exceptions and Claims for Compensation or Damages" prior to the final hearing.  Mr. Bartick specifically claimed, among other things, the project did not benefit his property but only burdened it, the project substantially damaged his property by taking farmland away, and the easements were too wide.  Mr. Bartick appeared at the final hearing on April 11, 2023, along with other affected residents.  Mr. Bartick questioned the need for a permanent easement and stated he expected to be compensated for disabling 35-40% of his property with the easements.  Mr. Bartick stated he leased out his land for farming and the proposed easements would impact that.  Don Romancak of the Lorain County Stormwater

Management District disagreed, stating Mr. Bartick's farm would actually see an increase in yield and higher rents as a result of the ditch improvement.

{¶6} On April 11, 2023, the Board adopted a resolution finding for the ditch improvement, confirming the $1,836,000.00 assessment for the project against stormwater management district funds and not against the property owners, and allowed the letting of contracts for the ditch improvement. Mr. Bartick was not awarded any damages or compensation.

{¶7} Mr. Bartick appealed the decision of the Board to the Lorain County Court of Common Pleas with a jury demand. In his notice of appeal, Mr. Bartick claimed: (1) the improvement was not necessary; (2) the improvement was not conducive to the public welfare; (3) the cost of the improvement was greater than the benefits conferred; (4) the route, termini, or mode of construction was not the best to accomplish the purpose of the improvement; (5) the assessments were not levied according to benefits; and (6) the award for compensation or damages was not just. These are the grounds upon which an appeal to the court of common pleas under R.C. Chapter 6131 are allowed, and mostly focus on the public costs and benefits of the drainage improvement project, and not on the effect to a particular property owner's property.

{¶8} The transcript of proceedings before the Board was filed and the trial court set forth a briefing schedule. The parties submitted their merit briefs. Mr. Bartick's arguments in his brief in the trial court varied from the statutory grounds set forth in his notice of appeal, and focused mainly on the effect of the ditch improvement on his property, and included the following: (1) the ditch improvement project did not benefit *his* property, there was no issue with flooding of *his* property, and the project benefits "properties far away from" *his* property; (2) the improvement is not conducive to the public welfare because ongoing yearly maintenance of the ditch was not needed; (3) the cost of the improvement is greater than the benefits conferred to *his* property; (4)

the destruction of trees and the "much too large" size of the easements were not the best way to accomplish the project; (5) the assessments were not levied according to the benefits to his property; and (6) the finding of $0 damages or compensation to him was not just. In his reply brief, Mr. Bartick argued the permanent nature of the easements for ongoing maintenance amounted to a taking of his property due to the significant loss of his farmland.

{¶9} The trial court had initially set the matter for a trial, but after a status conference with the parties, the trial court ordered further briefing on "the applicable procedure for review by the [trial] court."

{¶10} After consideration of the additional briefs, the trial court issued a journal entry stating:

> [B]ased upon the revised statutory language of R.C. 6131.30, the court determines that the "trial," in a trial *de novo*, is an independent judicial examination and determination of conflicting issues of fact and law, consisting of the record of the proceedings in the lower tribunal. This trial is not a second event where witnesses personally reappear and reaffirm their previous testimony.
>
> . . .
>
> However, both parties shall be given the opportunity to present witness testimony if there is some issue in the record which was not fully addressed or developed.

{¶11} Mr. Bartick then filed a brief in support of his request to submit new evidence, which the Board opposed. Mr. Bartick wanted to submit additional evidence on: (1) whether the City of North Ridgeville should also be assessed for the ditch project, arguing the project also benefited North Ridgeville; (2) the alleged damage to his property with the placement of the easements; (3) potential future assessments on Mr. Bartick's property for the project; and (4) the necessity and scope of future maintenance of the ditch.

{¶12} The trial court issued its decision on Mr. Bartick's appeal based on the record from the proceedings before the Board without allowing additional evidence and without conducting an evidentiary hearing or a jury trial. The trial court stated in part:

> [Mr. Bartick] presented multiple arguments about the conclusions made at the hearing but not what evidence was omitted at the original hearing. There is no documentation or new witness testimony shown to have been omitted from the hearing before [the Board.] It is undisputed that the easements are for purposes of improvement and maintenance of the ditch[.]
>
> . . .
>
> While [Mr. Bartick] object[s]to the damage calculation, [he] ha[s] not presented what evidence was omitted that caused [the Board] to make an incorrect decision.
>
> . . .
>
> Therefore, the [c]ourt finds no additional evidence shall be considered.
>
> . . .
>
> The [c]ourt has reviewed the entire record filed in this appeal and pursuant to R.C. 6131.31(F) finds as follows:
>
> . . .
>
> The improvement is necessary and will be conducive to the public welfare and the cost thereof will be less than the benefits, the route, termini, and mode of construction are the best to accomplish the improvement's purpose, the assessments are levied according to the benefits as the assessment is being paid with Stormwater District funds, and the damages are just as there is no permanent taking of [Mr. Bartick's] land. The court has reviewed the record, de novo[,] and confirms and certifies the findings to the clerk of the board of county commissioners.
>
> . . .
>
> The decision to approve the project is affirmed.

{¶13} The trial court also found because the ditch was an "existing structure being reconstructed and improved[,] "damages [were] not appropriate because there is no taking of the

property[,]" reasoning the improvement project would grant a temporary easement for the improvement of the ditch and for periodic maintenance.

{¶14} Mr. Bartick appeals, raising two assignments of error for our review. Before discussing the assignments of error, a brief review of the statutes governing county drainage improvement projects is warranted.

### Drainage Improvement Projects

{¶15} Single county drainage improvements are governed by R.C. Chapter 6131. Pursuant to R.C. 6131.04(A), "[a]ny owner may file a petition for the construction of a drainage improvement with the clerk of the board of county commissioners of the county in which is located a part of the land proposed to benefit from the improvement." R.C. Chapter 6131 sets forth the procedures for the board of county commissioners ("the Board") to hear and decide whether to approve the proposed drainage improvement project. R.C. 6131.08 allows a property owner who has not joined in the petition to comment on the proposed improvement at any time before a final order on the petition is made by the Board. The hearing procedure includes: (1) a preliminary report by the county engineer which shall include the estimated cost of the project, the feasibility of the project, and whether the benefits of the project are likely to exceed the estimated cost; (2) a viewing of the premises by the Board; (3) a first hearing on the petition; (4) if the Board decides to proceed with the project, an order for reports, plans, schedules, and assessments to be filed by the county engineer; and (5) a final hearing on the petition. R.C. 6131.17 allows a property owner to file exceptions to the county engineer's schedules of assessments or file a claim for damages or compensation with the clerk of the board.

{¶16} Once a petition is granted and a drainage improvement project is approved, R.C. 6131.22 and R.C. 6131.25 allow a property owner opposed to the granting of the petition to appeal

to the court of common pleas. R.C. 6131.25(A)(1)-(6) sets forth the grounds on which a property owner affected by the project may appeal the decision of the Board, stating: (1) is the improvement necessary; (2) will the improvement be conducive to the public welfare; (3) is the cost of the improvement greater than the benefits conferred; (4) is the route, termini, or mode of construction the best to accomplish the purpose of the improvement; (5) are the assessments levied according to benefits; and (6) is the award for compensation or damages just.

{¶17} If an appeal to the court of common pleas is filed, R.C. 6131.27 provides in part, "the clerk of [the Board] shall promptly prepare a transcript of the orders made by [the Board], and shall file such transcript with the clerk of the court of common pleas, together with the permanent files of records of the proceedings maintained by [the Board] and county engineer[.]"

{¶18} R.C. 6131.30(A) states in part, "[t]he court of common pleas, on appeal, shall hear the matters appealed de novo[,]" which includes the approval of the project and the compensation or damages to be paid. R.C. 6131.30(A) further states, "[t]he court . . . shall bring the entire proceedings before it in order to determine all the issues raised in the proceedings[.]" As for damages or compensation, R.C. 6131.32 provides, "[o]n appeal from an order made by the board of county commissioners allowing or refusing to allow compensation or damages, the owners interested shall have the right of trial by jury. The jury may view the premises, as in other civil cases."

{¶19} R.C. 6131.31(F) provides in part:

If the appeal is from a final order of the board finding in favor of the improvement and approving and confirming the assessments, and if the court finds that the improvement is necessary and will be conducive to the public welfare and that the cost thereof will be less than the benefits, the court shall hear all the matters appealed, shall correct and confirm the assessments according to benefits, and shall certify the findings to the clerk of the board of county commissioners.

We now turn to Mr. Bartick's assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY NOT HOLDING A DE NOVO EVIDENTIARY HEARING.**

{¶20} In his first assignment of error, Mr. Bartick argues the trial court erred by not holding a de novo evidentiary hearing. R.C. 6131.30(A) provides the trial court shall "hear the matters appealed de novo."

### Statutory meaning of "hear the matters appealed de novo"

{¶21} Part of Mr. Bartick's first assignment of error involves the interpretation of statutes, therefore this Court reviews the trial court's decision de novo. *Riedel v. Consol. Rail Corp.,* 2010-Ohio-1926, ¶ 6.

{¶22} R.C. 6131.30(A) mandates the trial court in an appeal from the Board to: "bring the entire proceedings before it in order to determine all the issues *raised* in the proceedings[.]" R.C. 6131.27 discusses "records of the proceedings maintained by [the Board]" as part of what is to be filed with the court of common pleas in an appeal pursuant to R.C. 6131.25. In R.C. 6131.30(A), "raised" is in the past tense, meaning the "proceedings" the trial court must bring before it are the proceedings that had already occurred before the Board. In other words, the trial court is to review the record as defined by R.C. 6131.27 de novo and determine the issues raised before the Board without deference to the Board's decision.

{¶23} Here, the trial court determined "the 'trial[,]' in a trial de novo, is an independent judicial examination and determination of conflicting issues of fact and law, consisting of the record of the proceedings in the lower tribunal[]" and cited this Court's decision in *Williams v. Akron*, 141 Ohio App.3d 724 (9th Dist. 2001), as authority. *Williams* involved the termination of

employment of a police officer and a hearing before the civil service commission which was appealed to the common pleas court. In *Williams*, this Court cited *Chupka v. Saunders*, 28 Ohio St.3d 325 (1986), which discussed the scope of a trial de novo in the context of R.C. 2505.21, a statute which has since been repealed. The *Chupka* case nevertheless provides some guidance, stating:

> in a trial *de novo* the court of common pleas is empowered to substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. The "trial," in a trial de novo*,* is the independent judicial examination and determination of conflicting issues of fact and law[.] The trial is not necessarily a second event where the witnesses personally reappear and reaffirm or respeak their previous testimony. In fact, evidence in addition to the transcript and record of the commission's proceedings may only be admitted with the express permission of the reviewing court.

(Internal citations omitted.) *Id.* at 327-328.

{¶24} R.C. 6131.30 does not require a "trial" or "hearing." Similar to the processes in *Chupka and Williams, supra,* R.C. 6131.30 requires the trial court to review the entire record of the proceedings before the Board and make an independent judicial examination and determination of the evidence and testimony submitted to the Board, which is exactly what the trial court did in this case.

**Additional Evidence**

{¶25} Mr. Bartick also argues the trial court erred by not allowing him to present additional evidence. R.C. Chapter 6131 gives little guidance on new evidence in the court of common pleas, although R.C. 6131.30(B) allows for, but does not require, a survey, reports, plans, and schedules by the county engineer if ordered by the trial court. Mr. Bartick argues here that R.C. 2506.03 should also apply when analyzing whether additional evidence should be allowed in the appeal to the common pleas court. The Board argues R.C. Chapter 6131 does not require or

allow for additional evidence and the trial court is confined to a de novo review of the administrative transcript.

**{¶26}** This Court generally reviews a trial court's decision to take additional evidence in an administrative appeal for an abuse of discretion. *Brenneman Bros. v. Allen County Commrs.,* 2013-Ohio-4635, ¶ 41 (3d Dist.). An abuse of discretion is more than an error of judgment. It means the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶27}** Even assuming R.C. 2506.03 applies, the transcript of the final hearing before the Board contains a report of all the evidence admitted or proffered by Mr. Bartick at the hearing. It shows Mr. Bartick, who was represented by counsel, was able to appear and be heard in person and had the opportunity to present his position, arguments and contentions, offer and examine witnesses, and present evidence in support of his position and in opposition to the petition. The testimony before the Board was given under oath.

**{¶28}** Nevertheless, the trial court did allow the parties to submit requests to present additional evidence "if there [was] some issue in the record which was not fully addressed or developed." The trial court further stated, "[h]owever, it should be clear the court will not hear a request of witness testimony on matters already presented." Mr. Bartick did file a request to present additional evidence, which the trial court denied, stating Mr. Bartick "presented multiple arguments about the conclusions made at the hearing but not what evidence was omitted at the original hearing. There is no documentation or new witness testimony shown to have been omitted from the hearing before [the Board.]"

**{¶29}** Mr. Bartick's request to submit additional evidence did not specify what evidence he planned to submit if the trial court were to consider new evidence. Mr. Bartick argues he should

have been able to submit evidence on whether the City of North Ridgeville should be assessed but does not explain what evidence he would submit or how the lack of assessment against North Ridgeville affects him, as he and other property owners impacted by the ditch improvement project are not being assessed anything at all and the cost is being borne by the Lorain County Storm Water District. Mr. Bartick also failed to specify what additional evidence he would present concerning the necessity and scope of future maintenance of the ditch.

{¶30} Mr. Bartick also argued the Board did not put "in writing" that no future assessments for the project would be levied against his property. However, the Board's resolution approving the project assessed the property owners nothing for the approved project that is the subject of this appeal. This Court cannot order the trial court to predict whether future drainage improvement projects or assessments may be necessary. If future drainage maintenance projects are necessary, the Board will have to undergo the required legal process to approve those projects and levy assessments.

{¶31} Finally, Mr. Bartick argued his property should be removed from the flood zone, but again, did not specify what evidence he would present on this issue, nor did he point to any authority allowing the Board or the trial court to remove land from a designated flood zone. Therefore, the trial court did not abuse its discretion in not allowing additional evidence on these issues and did not err in not holding an evidentiary hearing.

{¶32} As for Mr. Bartick's argument he should have been allowed to present evidence concerning compensation or damage to his property, we will address that issue under Mr. Bartick's second assignment of error.

{¶33} Therefore, Mr. Bartick's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED BY NOT HOLDING A JURY TRIAL TO DETERMINE COMPENSATION OR DAMAGES TO [MR. BARTICK].**

**{¶34}** In his second assignment of error, Mr. Bartick argues he was entitled to a jury trial on the issue of compensation for damages allegedly caused by the ditch improvement project. As stated above, because this assignment of error involves the interpretation of statutes, this Court reviews the trial court's decision on whether Mr. Bartick was entitled to a jury trial de novo. *Riedel,* 2010-Ohio-1926, at ¶ 6.

**{¶35}** The current version of R.C. 6131.30 as amended by H.B. 340 in 2020, effective in 2021, applies to this case and provides in relevant part:

> (A) The court of common pleas, on appeal, shall hear the matters appealed de novo. The court, exercising equitable jurisdiction, shall bring the entire proceedings before it in order to determine all the issues raised in the proceedings and enter a final judgment, order, or decree for or against the improvement petitioned for and for or against the assessments to be levied *and the compensation and damages to be paid.*

(Emphasis added.)

**{¶36}** The previous version of R.C. 6131.30 provided in relevant part:

> The court of common pleas, on appeal, shall hear the matters appealed de novo. The proceedings shall be conducted under the rules of law and procedure for civil cases. An appeal shall bring into the court all the owners who in any way may be interested in or affected by the matter appealed. The court, exercising equitable jurisdiction, shall hear all matters appealed, *except an appeal from an order allowing or refusing to allow compensation or damages*.

(Emphasis added.)

**{¶37}** The prior version of R.C. 6131.30 specifically excluded "compensation or damages" as a matter the trial court was required to hear, and the current statute states "compensation and damages" shall be included in what the trial court sets forth in its final judgment.

{¶38}  R.C. 6131.32, also amended by H.B. 340 in 2020, effective in 2021, provides, "[o]n appeal from an order made by the board of county commissioners allowing or refusing to allow compensation or damages, the owners interested shall have the right of trial by jury. The jury may view the premises, as in other civil cases."  The prior version of R.C. 6131.32 also provided the right to a jury trial to determine damages or compensation.  Therefore, when the General Assembly amended R.C. 6131.30 to delete the language excepting "compensation or damages" as a matter to be heard by the trial court in a drainage improvement appeal, it also specifically left in place the property owner's right to a jury trial, as reflected in the Ohio Legislative Service Commission's Bill Analysis for H.B. 340.

{¶39}  The Board points to R.C. 6131.31(F) in support of its argument that the trial court could decide the matter of compensation and damages.  R.C. 6131.31(F) sets forth the trial court's duties in an appeal from the Board's finding in favor of the ditch improvement and assessments and currently provides in part: "the court shall hear all the matters appealed[.]"  This statute was enacted in 1981, remains unchanged, and has co-existed with the property owner's right to a jury trial to determine compensation or damages.

{¶40}  The statutory right of a property owner to a jury trial to determine damages in drainage improvement cases was discussed in *Lucas v. Blaine*, 42 Ohio App. 177, 186-187 (4th Dist. 1931).

> And finally we note that the question whether the award for compensation and damages is just or not is a jury issue, made so by the provisions of the statute in that regard. The plaintiff in error in the instant case, if she can show any substantial damage done her property, or if it amounts to the taking of her private property, her remedy is a proceeding to determine her compensation and damages, by pursuing which she will have complete and adequate relief. So that it follows that the finding and judgment in the instant case will be for the appellees and against the appellant upon all questions except the award of compensation and damages, and that matter should be submitted to the consideration of a jury in accordance with the provisions of the statute, if the parties so desire.

{¶41} This Court determines Mr. Bartick has the right, pursuant to the plain language of R.C. 6131.32, to a jury trial to determine the amount, if any, of damages or compensation. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said[,]" *Jones v. Action Coupling & Equip., Inc.,* 2003-Ohio-1099, ¶ 12, and apply it as written. *Summerville v. Forest Park*, 2010-Ohio-6280, ¶ 18.

{¶42} Therefore, Mr. Bartick's second assignment of error is sustained.

III.

{¶43} For the forgoing reasons, Mr. Bartick's first assignment of error is overruled and his second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part and is remanded to the Lorain County Court of Common Pleas for proceedings consistent with this opinion.

Judgment affirmed in part and
reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETTY SUTTON
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and JACOB W. PULLAR, Assistant Prosecuting Attorney, for Appellee.